IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEWELL L. STEVENS**,<br><br>        Plaintiff,<br><br>       v.<br><br>**CAROLYN W. COLVIN**,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. 6:13-cv-2318-SI<br><br>**OPINION AND ORDER** |

Kathryn Tassinari, 474 Willamette, Suite 2000, Eugene, OR 907401. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201-2902; Ronald K. Silver, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Jewell Stevens ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II and supplemental social security income ("SSI") under Title XVI of the Social Security Act. For reasons discussed below, the Commissioner's decision is AFFIRMED.

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.; see also Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

**BACKGROUND**

**A. Plaintiff's Application**

On May 11, 2010, Plaintiff protectively filed applications for DIB and SSI benefits, alleging a disability onset date of May 2, 2008. AR 12. Plaintiff's claims were denied initially on September 9, 2010, AR 144-53, and upon reconsideration on January 25, 2011. AR 159-65.

PAGE 2 – OPINION AND ORDER

Thereafter, Plaintiff filed a hearing request on January 27, 2011. AR 166-67. Administrative law judge ("ALJ") Ted W. Neiswanger heard Plaintiff's case on July 12, 2012. AR 186. Upon the advice of counsel at the hearing, Plaintiff amended her alleged disability onset date to December 1, 2011. AR 12. Plaintiff was born on August 8, 1973, and was 37 years of age on the amended alleged disability onset date. AR 89.

On August 6, 2012, the ALJ issued a decision, finding that Plaintiff had not been disabled within the meaning of the Social Security Act since the initial alleged onset date of May 2, 2008.[1] AR 22-23. Plaintiff appealed the ALJ's decision to the Appeals Counsel, which denied Plaintiff's request for review. AR 1. Ms. Stevens now seeks review of the Commissioner's decision in this Court. 42 U.S.C. § 405(g).

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

---

[1] The ALJ referenced the initial alleged onset date and the amended onset date interchangeably throughout the opinion. The ALJ noted, "With the amended onset date, there are extremely few records from appointments and examinations completed during the actual alleged period of disability. Therefore, this decision must look to records prior to the alleged onset date." AR 18-19.

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C.  The ALJ's Decision**

The ALJ ultimately concluded that Plaintiff was not disabled within the meaning of the Social Security Act. The ALJ first determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014. AR 14. Next, the ALJ applied the five-step sequential analysis. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the initial alleged disability onset date of May 2, 2008. AR 14. At step two, the ALJ found that Plaintiff had several severe medically determinable impairments. *Id.* The ALJ listed the following severe impairments: degenerative disc disease of the cervical spine, left ulnar nerve neuropathy, migraine headaches, major depressive disorder, and cognitive disorder. *Id.* At step three of the analysis, the ALJ determined that Plaintiff's impairments were not equivalent to the severity requirements listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 15.

PAGE 5 – OPINION AND ORDER

The ALJ then assessed Plaintiff's RFC. The ALJ concluded that Plaintiff retained the RFC for unskilled work. *Id.* Specifically, the ALJ found that Plaintiff could perform a limited range of light work for an eight-hour workday with several limitations:

> [Claimant] can stand and walk six hours of an eight-hour workday while on even ground. She can lift and carry [ten] pounds. . . . She cannot perform continuous repetitive handling or continuous fine manipulation/fingering with the last two fingers of the left [hand]. This includes operation of a keyboard. She can perform non-repetitive continuous use of the hand for tasks not using the last two fingers of the left hand. She is to avoid concentrated exposure to hazards. Claimant can perform simple, routine instructions and tasks with no independent decision making in a stable work setting without changes in routines, locations, and instructions.

AR 17. In reaching this conclusion, the ALJ considered Plaintiff's testimony, opinion evidence, and the medical record. At step four, the ALJ determined that Plaintiff could no longer perform past relevant work as a childcare worker or as a receptionist. AR 22.

At step five of the analysis, the ALJ found that Plaintiff could perform other work in the national economy. AR 23. The VE testified that given Plaintiff's age, education, work experience, and RFC, Plaintiff would be able to perform the requirements of multiple occupations available in significant numbers in the national economy. *Id.* The VE identified three jobs: a patcher, an order clerk, and a taper. *Id.* The ALJ found the VE's findings to be consistent with the Dictionary of Occupational Titles and held that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred by (A) failing to credit the complete medical opinion of Dr. Teresa Dobles, an examining physician; (B) failing to give clear and convincing reasons for rejecting Plaintiff's testimony; and (C) failing to meet the burden of proving Plaintiff's ability to perform other work in the national economy.

PAGE 6 – OPINION AND ORDER

**A. Weight Given to the Medical Opinion of Dr. Teresa Dobles**

Plaintiff argues that the ALJ failed to give legally sufficient reasons for discrediting the testimony of examining physician Dr. Teresa Dobles. Particularly, Plaintiff argues that the ALJ improperly discredited two potentially important findings of Dr. Dobles: (1) Plaintiff's sustained auditory attention was severely impaired; and (2) Plaintiff's fine motor control, coordination, and speed were impaired bilaterally.

The ALJ is responsible for resolving conflicts in Plaintiff's medical record. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). This includes any conflicts among physician opinions. *Id.* Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). Here, both Dr. Alison Prescott and Dr. Teresa Dobles were examining physicians.

If an examining physician's medical opinion is uncontradicted, the ALJ may only reject the opinion by providing "clear and convincing" reasons supported by substantial evidence in the record. *E.g.*, *Hill v. Astrue*, 698 F.3d 1153, 1159-60 (9th Cir. 2012). On the other hand, if an examining physician's opinion is contradicted, the ALJ may rely on other evidence if the ALJ provides "specific and legitimate" reasons. *Id.* The ALJ can meet this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). The ALJ gave "great weight" to Dr. Prescott's findings and afforded only "some weight" to the medical opinion of Dr. Dobles in relation to Plaintiff's "true intellectual function and cognitive functioning." AR 21. The ALJ reasoned that Dr. Prescott's assessments deserved more weight because her findings were more consistent with the other evidence in the record. *See id.*

PAGE 7 – OPINION AND ORDER

To the extent that Dr. Dobles's findings could be read to suggest a disabling cognitive or intellectual status, the ALJ gave specific and legitimate reasons for rejecting those opinions in favor of Dr. Prescott's findings. *See Turner*, 613 F.3d at 1223 (holding that the ALJ gave sufficiently specific and legitimate reasons by describing why a doctor's report was unreliable to establish disability). The ALJ noted that Plaintiff's parenting abilities and good judgment were consistent with "intellectual limitations" but not mild mental retardation. AR 21. In addition, Plaintiff was able to perform childcare work in the past and continued to perform childcare work after Dr. Dobles's assessment. *Id.* In fact, Plaintiff herself testified that her mental limitations would not prevent her from performing her past work. *Id.* The ALJ further noted that plaintiff could read and write, and she obtained her high school diploma with some educational assistance. *Id.* The ALJ's rejection of the medical opinion of Dr. Dobles, to the extent that Plaintiff's intellectual and cognitive impairments would interfere with her ability to attend work on a regular basis and perform general work tasks, is supported by substantial evidence in the record.

### 1. Auditory Attention

Although the ALJ did not agree with the extent of Dr. Dobles's findings, the ALJ considered her findings in the RFC determination. Similarly, the ALJ directly credited Dr. Dobles's findings that Plaintiff was limited in her ability to maintain concentration and attention for extended periods of time, make simplistic work-related decisions, and appropriately respond to changes in a work setting. AR 21. Accordingly, the ALJ limited Plaintiff to unskilled work that only requires simple, routine tasks without any independent decision making or any changes in routine, locations, or *instructions*. *Id.* (emphasis added).[2] Plaintiff's concern is that

---

[2] The ALJ also pointedly instructed the VE to consider a hypothetical person who would be restricted to simple, routine instructions and tasks. AR 76.

PAGE 8 – OPINION AND ORDER

her auditory attention issues would impair her ability to understand oral instructions. This is precisely why the ALJ found that Plaintiff should be restricted to simple and routine instructions without any changes in these instructions.

An ALJ is not required to use the exact words of a medical opinion when incorporating limitations into the RFC. *Turner*, 613 F.3d at 1223 (holding that an RFC that limited the claimant to "no public contact" and a work environment in which it would be recognized that claimant worked best alone satisfactorily integrated a physician's opinion that the claimant had "marked limitations in social functioning"). Here, the ALJ recognized Plaintiff's limitations regarding auditory attention when he limited the RFC to simple and routine instructions. Therefore, the ALJ did not err in his treatment of Dr. Dobles's finding of impaired auditory attention when determining Plaintiff's RFC.

### 2. Motor Control, Coordination, and Speed

Plaintiff also argues that the ALJ erred by failing to discuss Dr. Dobles's finding of severe, bilateral impairment of Plaintiff's fine motor control, coordination, and speed. Plaintiff asserts that if the ALJ had credited this finding, it would have precluded the taper and patcher positions identified by the VE. Defendant responds that, as a neuropsychologist, Dr. Dobles was not qualified to address Plaintiff's physical functioning and, therefore, the ALJ did not have to discuss the finding at all.

The fact that all or part of a medical opinion is outside the scope of the opining medical professional's expertise is a valid reason to discredit that medical opinion. *See, e.g.*, *Bollinger v. Barnhart*, 178 Fed. App'x 745, 746 n.1 (9th Cir. 2006) (holding that an ALJ properly discounted a psychologist's opinion regarding physical limitations because it was beyond the psychologist's expertise); *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.2 (9th Cir. 2001) ("[A] treating physician's opinion on some matter may be entitled to little if any weight . . . if the treating

PAGE 9 – OPINION AND ORDER

physician . . . offers an opinion on a matter not related to her or his area of specialization.") (citing 20 C.F.R. § 404.1527(d)(5)); *Jason v. Colvin*, 2015 WL 509804, at *12 (W.D. Wash. Feb. 6, 2015) ("Because Dr. Cocoli is a psychologist and not a medical doctor, she is not qualified to assess the medical, as opposed to psychological, aspects of Ms. Jason's condition."); *see also Brosnahan v. Barnhart*, 336 F.3d 671, 676 (8th Cir. 2003) (concluding that the ALJ did not err in discounting the opinion of a psychologist where it is based partly on the consideration of physical limitations); *Buxton v. Halter*, 246 F.3d 762, 775 (6th Cir. 2001) (concluding that a psychologist is not qualified to opine regarding disability based on underlying physical conditions). Here, however, the ALJ did not provide this reason to discredit Dr. Dobles's finding of impaired motor control, coordination, and speed. In fact, although the ALJ discussed Dr. Dobles' other findings at length, the ALJ did not discuss this finding at all.

The ALJ erred in failing to address Dr. Dobles' findings of impaired motor control, coordination, and speed. This error was harmless, however, because Dr. Dobles, as a neuropsychologist, is not qualified to opine about Plaintiff's physical limitations unrelated to brain dysfunction. Neuropsychology is the "branch of clinical psychology concerned with the evaluation of brain dysfunction and particularly with the development, standardization, and validation of techniques to assess behavioral expressions of such dysfunction." Robert J. Campbell, M.D., *Campbell's Psychiatric Dictionary* 661 (9th ed. 2009). Dr. Dobles merely concluded that Plaintiff's "fine motor control, coordination, and speed were found to be severely impaired bilaterally." AR 452. Dr. Dobles did not extrapolate on this finding nor did she explain how it was connected to Plaintiff's cognitive functioning. One of behavior neurology's basic goals is "elucidation of the neural mechanisms underlying cognitive processing." Campbell, *supra*, at 123. Because Dr. Dobles's finding did not focus on the neural mechanisms underlying

Plaintiff's motor abilities, Dr. Dobles was not qualified to opine on Plaintiff's physical limitations. The ALJ's error was therefore harmless.

## B. Plaintiff's Credibility

Plaintiff argues that the ALJ erred by failing to give clear and convincing reasons for discrediting certain aspects of Plaintiff's symptom and pain reporting. Mainly, Plaintiff takes issue with (1) the ALJ's suggestion that Plaintiff's performance on several examinations did not represent her true physical capabilities, and (2) the ALJ's finding that Plaintiff's pain complaints were out of proportion to her presentation and objective evidence.

An ALJ follows a two-step process to determine the credibility of a claimant's testimony regarding subjective pain or the severity of symptoms. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). First, the ALJ determines whether "the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2008) (quotation marks omitted). Second, if the claimant has met this burden, and there is no evidence of malingering, the ALJ must provide "specific, clear, and convincing reasons" to support a rejection of the claimant's testimony regarding pain and severity of symptoms. *Molina*, 674 F.3d at 1112.[3] It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit

---

[3] The government argues that the "specific, clear, and convincing" standard is inconsistent with the text of SSR 96-7p, which requires "specific reasons." The Ninth Circuit, however, has recently rejected "specific reasons" as the standard. *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014) ("Our more recent cases have combined the two standards into the now-familiar phrase that an ALJ must provide specific, clear, and convincing reasons. There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the 'clear and convincing' requirement. We therefore review the ALJ's discrediting of Claimant's testimony for specific, clear, and convincing reasons.") (citation omitted).

PAGE 11 – OPINION AND ORDER

the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The Commissioner recommends assessing the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. *See* SSR 96-7p, *available at* 1996 WL 374186. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Further, the Ninth Circuit has said that an ALJ also "may consider . . . ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, . . . other testimony by the claimant that appears less than candid [and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1997 (9th Cir. 2004).

Here, the ALJ found that Plaintiff's alleged impairments could reasonably cause the alleged symptoms and that there was no evidence of malingering. The ALJ, however, did not afford credibility to Plaintiff's statements regarding the intensity, persistence, and limiting effects of certain symptoms. AR 18. The ALJ did not find certain statements credible because he identified inconsistencies between Plaintiff's conduct and her medically determinable impairments. AR 18-20.

First, the ALJ noted that several examinations suggested that Plaintiff's performance did not adequately represent Plaintiff's motor functioning or the severity of Plaintiff's headaches. AR 19. An ALJ can permissibly rely on inconsistencies in a claimant's testimony or conduct and available medical opinions to make a credibility finding. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007). Accordingly, the ALJ relied on the medical opinions of two examining physicians, Dr. Galen Griffin and Dr. Alexandre Lockfeld, which noted that Plaintiff exhibited exaggerated pain behavior. AR 410, 424. In addition, Dr. Griffin observed that Plaintiff claimed she experienced headaches for two years but never complained of headaches at any prior appointment with him nor did she appear to be in pain. AR 410. Dr. Lockfeld also indicated poor effort by Plaintiff during the motor portion of the physical examination. AR 424.[4] Importantly, Plaintiff herself noted that her headaches were "a lot better" after she received a neck injection. AR 54-55. The ALJ further noted that Plaintiff's neurological examinations were repeatedly normal. AR 19.

---

[4] Plaintiff suggests that her impaired cognitive functioning may have affected the examinations. Plaintiff does not elaborate on this argument, nor does she specify how her cognitive functioning affected the physical examinations. The mere existence of cognitive deficiencies does not adequately support the contention that evidence of exaggeration should be discredited in assessing Plaintiff's credibility or that the ALJ impermissibly relied on it.

PAGE 13 – OPINION AND ORDER

Moreover, the ALJ discussed inconsistencies between Plaintiff's severity reporting regarding her depression and cognitive difficulties and her testimony at the hearing. AR 19. An ALJ may properly consider whether a claimant's testimony or engagement in activities is inconsistent with reported symptoms to make a credibility finding. *Molina*, 674 F.3d at 1112. Plaintiff indicated that she was able to work despite her depression, and Plaintiff did in fact perform childcare services during this time. AR 84. Additionally, the ALJ noted that Plaintiff maintained her own financial records and performed daily activities such as walking her youngest child to school, playing games with her children, and making dinner, among other activities. AR 20.

Although the ALJ found some of Plaintiff's testimony less than fully credible, he did not discredit all of her testimony. The ALJ limited his findings discounting Plaintiff's credibility to Plaintiff's testimony that was inconsistent with substantial evidence in the record. The opinions of Dr. Griffin and Dr. Lockfeld, combined with objective medical evidence and inconsistencies in Plaintiff's conduct and her alleged impairments, constitute substantial evidence in support of the ALJ's credibility findings. Thus, the ALJ provided clear, specific, and convincing reasons to discredit the extent of certain pain and symptom reports.

## C.  The ALJ's Determination at Step Five

The VE found that Plaintiff had the RFC to perform at least three types of jobs that exist in significant numbers in the national economy. Plaintiff argues that the ALJ did not meet his burden of proving that Plaintiff can perform other work in the national economy because the VE did not consider all of Plaintiff's limitations supported by the record. Plaintiff alleges that the VE should have specifically credited Dr. Dobles's findings of (1) severely impaired auditory attention; (2) inability to maintain attention and concentration for long periods of time and make workplace decisions or respond to changes in the workplace; and (3) bilateral impairment in the

PAGE 14 – OPINION AND ORDER

areas of fine motor control, coordination, and speed. Because the RFC does not incorporate these limitations, Plaintiff argues that it is not an adequate representation of her actual abilities.

For reasons discussed above, the ALJ properly discredited portions of Dr. Dobles's findings in regard to the severity of Plaintiff's intellectual impairments. An ALJ is not required to incorporate evidence that he properly determines to be not credible into the RFC. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Furthermore, the ALJ properly incorporated Dr. Dobles's findings regarding attention and concentration to the extent that the ALJ found them to be consistent with the record. The ALJ directly credited Dr. Dobles's finding that Plaintiff was limited in her ability to maintain concentration and attention for extended periods of time, make simplistic work-related decisions, and appropriately respond to changes in a work setting. AR 21. The ALJ therefore instructed the VE to assume a hypothetical individual who must avoid hazards, only perform and receive simple, routine tasks and instructions, and who can only sustain attention and concentration for no more than an hour at a time. AR 76-77. Lastly, although the ALJ erred by not discussing the finding of severe, bilateral impairment of Plaintiff's motor control, coordination, and speed, this error was harmless, because Dr. Dobles, as a neuropsychologist, was not qualified to opine on Plaintiff's physical functioning. Accordingly, the ALJ's conclusion that Plaintiff is not disabled as defined by the Social Security Act is supported by substantial evidence in the record.

///
///
///
///

PAGE 15 – OPINION AND ORDER

## CONCLUSION

The Commissioner's decision that Ms. Stevens is not disabled within the meaning of the Social Security Act is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 2nd day of March, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge